1  KAEMPFER CROWELL
   Robert McCoy, No. 9121
2  Sihomara L. Graves, No. 13239
   1980 Festival Plaza Drive, Suite 650
3  Las Vegas, Nevada 89135
   Telephone:  (702) 792-7000
4  Facsimile:  (702) 796-7181
   Email: rmccoy@kcnvlaw.com
5  Email: sgraves@kcnvlaw.com

6  Alyson Bustamante Jones (*pro hac vice*)
   BUTLER SNOW LLP
7  1020 Highland Colony Pkwy., Suite 1400
   Ridgeland, Mississippi 39157
8  Telephone:  (601) 985-4427
   Facsimile:  (601) 985-4500
9  Email: alyson.jones@butlersnow.com

10 Attorneys for Defendant Zeltiq
   Aesthetics, Inc.

11

12                UNITED STATES DISTRICT COURT

13                     DISTRICT OF NEVADA

14 | MICHELE BROWN,              | Case No. 2:22-cv-00972-RFB-NJK

15 |         Plaintiffs,          |
                                  | **STIPULATED CONFIDENTIALITY**
16 | vs.                          | **AND PROTECTIVE ORDER**

17 | ZELTIQ AESTHETICS, INC.;
   | ORANGE TWIST LLC; DOES 1–10;
18 | ROE CORPORATIONS 11–20; ABC
   | LIMITED LIABILITY COMPANIES
19 | 21–30,

20 |         Defendants.

21

22         Plaintiff Michele Brown and Defendants Zeltiq Aesthetics, Inc. and

23 Orange Twist LLC (collectively "the Stipulating Parties") hereby stipulate and

24 agree as follows:

1. This Stipulated Confidentiality and Protective Order is intended to facilitate prompt discovery and preparation for trial while also affording protection to any materials designated as confidential ("Confidential Discovery Materials") per the terms of this Order and consistent with Federal Rule of Civil Procedure 26(c) and other applicable state and federal law. The Stipulating Parties further stipulate and agree that the Confidential Discovery Materials subject to this Protective Order shall be used solely for the purpose of this litigation and shall not be produced to any other person, including other parties to this litigation, without explicit agreement of the Stipulating Parties and further order of the Court.

2. This Protective Order shall govern any and all hard copy and electronic materials produced by any party to the litigation, including the information contained therein, and all other information including all copies, excerpts, summaries, or compilations thereof revealed in a document, deposition, other testimony, or discovery response produced by any party to this proceeding (the "Producing Party") to any other party (the "Receiving Party"). This Protective Order is binding upon both Stipulating Parties including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Order.  If additional parties are added other than parents, subsidiaries, or affiliates of current Stipulating Parties, then their ability to receive the Confidential Discovery Materials as set forth in this Protective Order will be subject to them being bound, by agreement or Court Order, to this Order; provided, however, that no Confidential Discovery

Materials shall be provided to other parties to this litigation who are not Stipulating Parties without explicit agreement of the Stipulating Parties or further order of the Court.

3. The term "Confidential Discovery Materials" refers to confidential, proprietary, trade secret, and/or sensitive commercial information, as designated in good faith by the Producing Party in accordance with the terms of this Order as being entitled to protection under Federal Rule of Civil Procedure 26(c), other applicable case law or rules, the Uniform Trade Secrets Act, federal and state privacy laws, and/or other applicable laws and regulations. Confidential Discovery Materials containing confidential information as used in this Order means documents containing trade secrets and other information that is of a proprietary, business, financial, or technical nature and not known or available to competitors, potential competitors, or the public, the value of which arises from its being confidential and the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the Producing Party to have the potential, if disclosed, for causing competitive harm to it or giving a competitive advantage to others.

4. This Stipulated Protective Order does not confer blanket protections on all documents, disclosures, or responses to discovery, and the protection it affords extends only to the specific information or items that are entitled to protection under applicable legal principles for treatment as confidential after individual review by the Producing Party.

5. No person who examines any item produced pursuant to a discovery request, or information that is protected by this Order, shall

disseminate orally, or by any other means, any protected information other than as permitted by this Order or subsequent order by the Court.

6. Any designation of Confidential Discovery Materials under this Protective Order shall not be construed as an admission or an agreement by any party that any document, material or information, or any portion thereof, constitutes competent, material, relevant, or admissible evidence in this case.

7. Nothing herein shall be construed as a waiver by any party of the right to contest the designation of documents as Confidential under this Stipulated Protective Order. A party may challenge, by motion, the propriety of a confidential designation at any time, after first conferring with the Producing Party to attempt to resolve the matter without seeking court intervention.

8. Pending this Court's determination, no document designated as Confidential under this Order shall be disseminated other than as provided by this Order unless otherwise ordered by the Court or as stipulated by the Stipulating Parties. To the extent that this Court determines that a document designated as Confidential under this Order is not entitled to protection under this Order, then said document will be considered non-confidential and non-protected for purposes of this litigation.

9. Pursuant to the terms and requirements of this Stipulated Protective Order, the Producing Party may designate as Confidential all or any part of Discovery Materials produced by it in the course of litigation or in response to initial disclosures or discovery requests, including any documents, electronic files or data compilations produced in depositions, as well as

deposition transcripts and exhibits, or portions thereof, that contain or constitute confidential information.

10. The designation of Discovery Materials as Confidential shall be made by placing or affixing on the material in a manner that will not interfere with its legibility the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as long as the designation is conspicuously placed on produced documents in a uniform manner. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "Copies") of documents designated as Confidential pursuant to this Order, or any portion of such a document, shall be immediately affixed with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, if the words do not already appear on the Copy. All such Copies shall be afforded the full protection of this Order.

11. Deposition testimony or any portion thereof may be designated Confidential by notifying all Stipulating Parties either (a) on the record at the time of the deposition or (b) by writing within fifteen (15) days of receipt of the final transcript by counsel making the designation specifying the testimony being designated by page and line number. Until the expiration of such 15-day period, the text of the deposition transcript relating to Confidential Discovery Material, including all testimony therein, shall be treated as Confidential under this Order. Any testimony that describes Confidential Discovery Material may be designated as Confidential. Similarly, any deposition exhibits that have been marked Confidential shall be treated as Confidential

documents under the terms of this Protective Order and shall not be annexed to the deposition transcript as exhibits thereto unless the transcript is marked accordingly to maintain the confidentiality of documents. If the party seeking to maintain a deposition transcript as Confidential does not make such a designation on the record at the time of the deposition or does not serve a letter on the court reporter and all Stipulating Parties designating the material as confidential within fifteen (15) days of receipt of the final deposition transcript, then the transcript shall be deemed not to contain any Confidential Discovery Materials. To the extent any party seeks to use any Confidential testimony or portion of testimony relating to Confidential Discovery Materials for the purpose of litigation prior to fifteen (15) days of receipt of the final deposition transcript, the party seeking to use such material shall provide notice and meet and confer with the party who bears the burden of designating such material or testimony as Confidential.

12. The Producing Party may use redactions to protect attorney-client privilege; attorney work product; information prohibited from disclosure by federal, state, or foreign statutes or regulations; medical information concerning any individual who is not a party to this litigation; personal identifying information; and non-responsive information regarding products not at issue in this litigation. The reason for the redaction shall be noted in text upon the redacted area ("Redacted – Privilege", "Redacted – PII", etc.) Any privilege redactions shall be identified in a privilege log that complies with the requirements of FRCP 26(b)(5). All documents containing redactions for reasons other than

privilege will be identified by Bates number in a redaction log, with the reason for the redaction indicated (e.g. "Personal Identifiable Information").

13. The Producing Party may in good faith fully withhold documents whose entire contents are deemed to be protected under the attorney-client privilege or work product doctrine. For documents withheld from production pursuant to a claim of attorney-client privilege or work product protection, the Producing Party shall provide a privilege log within 30 days following the production of documents from which the privileged documents are withheld.

14. A party may not file in the public record any Confidential Discovery Materials without written permission from the Producing Party or a Court Order secured after appropriate notice to the Stipulating Parties.

15. Confidential Discovery Materials shall not be disclosed to any other person or entity, including, but not limited to, other parties to this litigation who are not Stipulating Parties, except in the following circumstances:

   a. Disclosure may be made to employees of counsel for the Stipulating Parties who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein and who shall become subject to, in advance of the disclosure, this Protective Order;

   b. Disclosure may be made to consultants or experts (collectively "Experts") employed by the Stipulating Parties or their counsel to assist in the preparation and trial of this litigation, provided that prior to any disclosure, the Experts agree to be bound by the

terms of this Stipulated Protective Order by executing Exhibit A hereto, which shall be kept by the Party retaining the subject Expert. At the conclusion of the litigation, including any appeal, counsel for the Receiving Party shall confirm in writing that it will seek to have Confidential Discovery Materials provided to its Experts returned to counsel for the Producing Party or destroyed. Before disclosing Confidential Discovery Material to any person, the party proposing to make such disclosure will assure itself that the person to whom Confidential Discovery Material will be disclosed is not a competitor (or a current employee of a competitor) of the Producing Party. In the event that a party proposes to make disclosure of Confidential Discovery Material to a competitor (or employee, officer, director, or consultant of a competitor, or anyone, who, at the time of disclosure, is anticipated to become an employee, officer, director, or consultant of a competitor) of the Producing Party, the party proposing to make such disclosure will give at least ten (10) days advance notice in writing, which will identify the person(s) to whom the disclosure will be made, to counsel for the Producing Party. If, within the 10-day period, the Producing Party objects in writing to the proposed disclosure, disclosure will not be made until the parties have resolved the matter or until the court has ruled on it.

c. Disclosure may be made to the Stipulating Parties to the extent required for assisting in the preparation and trial of this matter or any appeal herein, provided that prior to any disclosure, the Party shall be advised of and shall become subject to the terms of this Order by executing Exhibit A hereto;

d. Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal);

e. Disclosure may be made to court reporters only for the purpose of transcribing or otherwise memorializing proceedings, including depositions, in this litigation, provided that prior to any disclosure, the court reporter shall be advised of and shall become subject to the terms of this Order. Any court reporter to whom disclosure is made shall hold the material and information in confidence and shall not sell, distribute, or otherwise disclose the material and information to anyone other than counsel of record;

f. Disclosure may be made to any person who (i) authored or received a copy of any Confidential Discovery Material before it was produced in this litigation or (ii) was present or participated in a meeting or discussion of any Confidential Discovery Material before it was produced in this litigation;

g. Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter, provided that prior to any disclosure

the individuals shall be advised of, and shall become subject to the terms of this Order;

    h.  Disclosure may be made to employees of outside copying, document imaging, litigation, trial support, and facsimile services, provided that prior to any disclosure, such employees shall be advised of and shall become subject to the terms of this Order;

    i.  Disclosure may be made to witnesses or deponents in the course of this litigation only as necessary for the litigation provided that, if the witness or deponent is not an employee or agent of the Producing Party prior to any disclosure, the witness or deponent shall be advised of and shall become subject to the terms of this Order by executing Exhibit A hereto. The executed acknowledgement shall be retained by counsel for the Receiving Party with a copy provided to counsel for the Producing Party where providing a copy does not violate the attorney-client privilege, the work-product privilege, or any other privilege.

16. All recipients of Confidential Discovery Materials shall maintain such material within their exclusive possession and control, and shall take reasonable steps to maintain such material in a secure manner.

17. Any person having access to Confidential Discovery Materials, including consultants and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as necessary for the preparation and trial of this litigation, in accordance with Paragraph 10 of this Order.

18. See order issued concurrently herewith.

19. If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials that a person has obtained pursuant to the terms of this Order, the person to whom the subpoena or other process is directed shall notify within five (5) days the court or administrative agency that issued the subpoena or other process that the requested materials are subject to a Protective Order, and the person to whom the subpoena or other process is directed shall also notify within five (5) days counsel for the Producing Party in writing via email, facsimile, or overnight delivery of all of the following: (a) the Confidential Discovery Materials that are requested for production in the subpoena; (b) the date on which compliance is requested or required; (c) the location at which compliance is requested or required; (d) the identity of the party seeking the materials; and (e) the case name, jurisdiction, docket, complaint, charge, civil action, or other identification number or other designation identifying the litigation, administrative, or other proceeding in which the subpoena or other process has been issued. In no event

shall Confidential Discovery Materials be produced prior to the expiration of ten (10) days following transmission of written notice to counsel for the Producing Party unless required to do so by the subpoena or order seeking the documents. Nothing in this Order shall prohibit the Producing Party from seeking to intervene in any litigation, administrative, or other proceeding in which the subpoena or other process has been issued.

20. If any party learns of any unauthorized disclosure of Confidential Discovery Materials by any individual, the party shall immediately consult with the other Stipulating Parties to resolve any issue of unauthorized disclosure consistent with this Order. If judicial relief is still needed, the Stipulating Parties shall inform the Court in writing of all pertinent facts relating to such disclosure.

21. Inadvertent production of any Discovery Materials without a designation of Confidential will not be deemed to waive a later claim to its confidential nature or preclude a party from designating said document or information as Confidential pursuant to this Order at a later date. Any party may designate as Confidential or withdraw a Confidential designation from any Discovery Materials that it has produced or provided, but such re-designation shall be effective only as of the date of such re-designation. A party must treat such documents and things with the noticed level of protection from the date such notice is received. Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate designation. Upon receipt of any re-designation and replacement image that designates Discovery Material as

Confidential all Stipulating Parties shall (1) treat such material in accordance with this Order; (2) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Order; and (3) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order.

22. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege. With respect to such inadvertently produced documents, the following procedures shall apply, and the parties agree that such procedures constitute reasonable and prompt steps to prevent disclosure and to rectify the error of disclosure, pursuant to the Federal Rules of Civil Procedure:

   a. The party discovering the inadvertent production will contact the opposing party to apprise that party of such production promptly.

   b. If no dispute exists as to the protected nature of the inadvertently produced documents, any party in possession of inadvertently produced documents ("party in possession") shall, within fifteen (15) days of receiving the notice of inadvertent production, destroy the inadvertently produced documents along with any copies and notes or other work product reflecting the contents of such documents, including the deletion of all inadvertently produced documents from any litigation-support or other database. In the event that only portions of the inadvertently

produced documents contain privileged subject matter, the Producing Party shall substitute redacted versions of the documents within ten (10) days of the certification of destruction of the inadvertently produced documents.

c. If the party in possession believes that the documents are not subject to the protections of work-product immunity, attorney-client privilege, or other legal privilege protecting information from discovery, the party in possession shall, within fifteen (15) days of sending or receiving the notice of inadvertent production, object to the Producing Party's claim of protection by notifying the Producing Party of the objection in writing and specifically identifying the produced documents to which the objection applies. Upon the Producing Party's receipt of written notification, the parties will confer in an effort to resolve the dispute without Court intervention. If the parties cannot resolve the dispute, any party can, within fifteen (15) days of reaching an impasse, file a motion with the Court seeking an *in camera* review of the documents in question. The proponent of the privilege or immunity has the burden of proving by a preponderance of the evidence that the inadvertently produced documents are entitled to protection. If the Court determines that the inadvertently produced documents are entitled to work-product immunity, attorney-client privilege, or other legal privilege protecting information from discovery, the party in

possession shall, within fifteen (15) days of the Court's decision, comply with the provisions of paragraph 22(b), above.

    d. Upon receipt of notice of inadvertent production pursuant to paragraph 22(a) and until the parties have resolved the issue pursuant to paragraph 22(b) or (c), no use shall be made of inadvertently produced documents during depositions or at trial nor shall they be disclosed to anyone who did not previously have access to them.

23. Upon final termination of this action, whether by judgment, settlement, or otherwise, counsel for all Stipulating Parties shall return to counsel for the Producing Party all materials and all copies thereof in his/her possession that were designated by the Producing Party as Confidential Discovery Materials in accordance with this Order, unless otherwise agreed or ordered. If counsel for any Stipulating Party does not receive a written request for the return of the aforesaid materials and copies within ten (10) days of final termination of this action, then counsel for any such Stipulating Party may destroy said materials and copies.

24. Any party for good cause shown may apply to the Court for modification of this Protective Order, or the Protective Order may be modified by consent of the Stipulating Parties in writing. This Stipulated Protective Order shall remain in full force and effect after the termination of this action.

25. Nothing is in this Stipulation is intended to supersede any court rule or statute. In the event of a conflict between any portion of this Stipulation and any applicable rule, law, or statute, the rule, law, or statute shall prevail.

| | |
|---|---|
| THE VIEIRA FIRM, PLLC | KAEMPFER CROWELL |
| /s/ Andréa L. Vieira<br>Andréa L. Vieira, No. 15667<br>3100 W. Charleston Blvd., Suite 100<br>Las Vegas, Nevada 89102<br><br>Attorneys for Plaintiff Michele Brown | Robert McCoy, No. 9121<br>Sihomara L. Graves, No. 13239<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135<br><br>Alyson Bustamante Jones (*pro hac vice*)<br>BUTLER SNOW LLP<br>1020 Highland Colony Pkwy, Suite 1400<br>Ridgeland, Mississippi 39158<br><br>Attorneys for Defendant Zeltiq Aesthetics, Inc. |
| COLLINSON, DAEHNKE, INLOW & GRECO<br><br>/s/ Linda K. Rurangirwa<br>Patricia Egan Daehnke, No. 4976<br>Linda K. Rurangirwa, No. 9172<br>2110 E. Flamingo Road, Suite 212<br>Las Vegas, Nevada 89119<br><br>Attorneys for Defendant Orange Twist, LLC | |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 6, 2022

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELE BROWN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ZELTIQ AESTHETICS, INC.;<br>ORANGE TWIEST LLC; DOES 1–10;<br>ROE CORPORATIONS 11–20; ABC<br>LIMITED LIABILITY COMPANIES<br>21–30,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00972-RFB-NJK<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

## CONFIDENTIAL UNDERTAKING

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality and Protective Order executed by the attorneys of record for the Stipulating Parties in this case and understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms.

Date: _____     Signature: _____

　　　　　　　　　　　　　　　　　Printed Name: _____