KAEMPFER CROWELL
Robert McCoy, No. 9121
Sihomara L. Graves, No. 13239
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: sgraves@kcnvlaw.com

Alyson Bustamante Jones (*pro hac vice*)
BUTLER SNOW LLP
1020 Highland Colony Pkwy., Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 985-4427
Facsimile: (601) 985-4500
Email: alyson.jones@butlersnow.com

Attorneys for Defendant Zeltiq
Aesthetics, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELE BROWN,<br><br>Plaintiffs,<br><br>vs.<br><br>ZELTIQ AESTHETICS, INC.; ORANGE TWIST LLC; DOES 1–10; ROE CORPORATIONS 11–20; ABC LIMITED LIABILITY COMPANIES 21–30,<br><br>Defendants. | Case No. 2:22-cv-00972-RFB-NJK<br><br>**STIPULATED ORDER REGARDING THE PRODUCTION OF ESI AND DOCUMENTS** |

Plaintiff Michele Brown and Defendants Zeltiq Aesthetics, Inc. and

Orange Twist LLC (collectively "the Stipulating Parties") hereby stipulate and

agree that all documents produced by the parties in this matter shall be produced in accordance with the following protocol:

    1.    Documents originating from hard copy sources ("Hard Copy Documents") and attachments may be produced in (a) their original hard copy form or (b) Group IV TIFF format (black and white, 300 dpi) with corresponding searchable OCR text, along with the below-listed metadata fields when available, to be provided in a standardized load file in .opt and .dat format, with a Bates number field included on the load file so that text and metadata can be matched with TIFF images.

    a.    Beginning Document Bates Number

    b.    Ending Document Bates Number

    c.    Attachment Beginning Bates Number

    d.    Attachment Ending Bates Number

    e.    Custodian or Source

    f.    Confidential (Y/N)

    g.    Page Count

Pursuant to the agreed-upon Stipulated Confidentiality and Protective Order, the parties may redact information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; non-responsive information pertaining to other products; and information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g. protected personal information). Redacted documents will be produced in TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure. Documents

containing redactions for the reason of privilege shall be accompanied by a privilege log, provided within 30 days following the production of documents from which the privileged documents are withheld, pursuant to FRCP 26(b)(5). All documents containing redactions for reasons other than privilege will be identified by Bates number in a redaction log, with the reason for the redaction indicated (e.g., "Personal Identifiable Information").

2. Documents originating from electronically stored information ("ESI"), except those documents as noted in Paragraphs 3 and 4, are to be produced in TIFF format with extracted text, along with the below-listed metadata fields when available, to be provided in a standardized load file in .opt and .dat format, with a Bates number field included on the load file so that text and metadata can be matched with TIFF images.

  a. Beginning Document Bates Number
  b. Ending Document Bates Number
  c. Attachment Beginning Bates Number
  d. Attachment Ending Bates Number
  e. Custodian or Source
  f. Duplicate Custodian (if applicable)
  g. Confidential or Not Confidential
  h. Redaction ("YES" if Redacted, Blank if Not Redacted)
  i. Document Date (the document's "date last modified" prior to collection, for email this will be the sent date)
  j. File Name
  k. File Extension

l.   From

m.  To

n.   CC

o.   Email Subject

p.   MD5 Hash

q.   Native Path (for documents produced in native format)

r.   Text Path

Pursuant to the agreed-upon Stipulated Confidentiality and Protective Order in this matter, the parties may redact information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; non-responsive information pertaining to other products; and information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g., protected personal information).  Redacted documents will be produced in TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure. Documents containing redactions for the reason of privilege shall be accompanied by a privilege log, provided within 30 days following the production of documents from which the privileged documents are withheld, pursuant to FRCP 26(b)(5).  All documents containing redactions for reasons other than privilege will be identified by Bates number in a redaction log, with the reason for the redaction indicated (e.g., "Personal Identifiable Information").

3.   Microsoft Excel spreadsheets will be produced as native files. Excel spreadsheets requiring redactions will either be produced in native format with redactions or in TIFF format with corresponding searchable OCR text and the

associated metadata for the document, ensuring the redacted content is fully protected from disclosure.  The file name for Excels or spreadsheets produced in native format will consist of a Bates number and a confidentiality designation if applicable, and a corresponding placeholder TIFF image will also be provided stating "Document Produced in Native Format" bearing the Bates number and confidentiality designation of the natively produced document and shall be accompanied by a privilege log, provided within 30 days following the production of documents from which the privileged documents are withheld, pursuant to FRCP 26(b)(5).  All documents containing redactions for reasons other than privilege will be identified by Bates number in a redaction log, with the reason for the redaction indicated (e.g., "Personal Identifiable Information").

        4.      For documents and ESI that do not convert well to TIFF (e.g., oversized drawings, picture files, audio and video files), the Producing Party will either produce the document in native format or will ask the Receiving Party to meet and confer regarding a reasonable alternative form of production.  The file name for the documents produced in native format will consist of a Bates number and a confidentiality designation if applicable, and a corresponding placeholder TIFF image will also be provided stating "Document Produced in Native Format" bearing the Bates number and confidentiality designation of the natively produced document.

        5.      Productions from databases and other structured sources will be made by generating reports that display the necessary data in a manner that can be easily viewed.  The parties will meet and confer as needed to discuss specifics concerning productions of data from databases.

6. Deduplication of ESI will be performed within and across custodians according to MD5 hash values. Only a single copy of exact duplicate ESI needs to be produced, but if there are multiple custodians for a document that information will be produced as noted in paragraph 2(f) above.

7. Document family relationships (the association between an attachment and its parent document) shall be preserved to the extent possible. Regarding produced attachments, a Beginning Attachment and Ending Attachment Bates number will be provided for each attachment and included in the data load file.

8. Individual pages of TIFF documents and documents produced in native format shall be assigned a Bates number for ease of reference and to preserve the integrity of the documents and avoid modification of any documents or information. Bates numbers shall be unique across the entire document production and sequential within a given document. The parties will agree on a Bates numbering convention (e.g., ABCD 000000001).

9. The parties understand that this protocol contemplates the production of large volumes of documents, and they acknowledge that nothing in this Order waives, restricts or eliminates the parties' "claw-back" rights pursuant to the agreed-upon Stipulated Confidentiality and Protective Order in this matter, or governing law, rules, orders, or agreements regarding inadvertently produced documents.

10. As noted in paragraphs 12 and 13 of the agreed-upon Stipulated Confidentiality and Protective Order, the Producing Party may withhold documents from production pursuant to a claim of attorney-client privilege or work product

protection and shall provide a log of those documents within 30 days following the production from which those documents were withheld. The privilege log shall be provided in Excel or a similar electronic format that allows text searching and organization of data, and will contain the following information for each document withheld for reasons of privilege, to the extent providing this information will not destroy the privilege:

    a.    the name(s) of the person(s) who created and received the privileged document;

    b.    the date on which the privileged document was created and/or received;

    c.    the document subject or title;

    d.    a description of the nature of the privileged document sufficient to enable the receiving party to assess the applicability of the privilege or protection;

    e.    the privilege type asserted;

    f.    the designation of legal personnel involved in a document, denoted by asterisk.

With respect to emails, when there is a chain of privileged emails the Producing Party need only include one entry on the privilege log for the entire email chain, and need not log each email contained in the chain separately. A privilege log will be provided, in accordance with FRCP 26(b)(5) and the parameters outlined in the parties' Stipulated Confidentiality and Protective Order. To the extent that a Receiving Party cannot reasonably ascertain the basis for the claim of privilege from a document on the privilege log it may request, on a document-by-document-basis and within reason, additional information to assist in adequately assessing

privilege. The parties shall meet and confer regarding these types of challenges should further discussion be necessary.

11. The parties agree to produce documents as they are kept in the usual course of business.

12. The parties agree that documents produced according to this protocol are in a reasonably usable form.

13. The parties understand that this protocol contemplates the production of documents on a rolling basis. This protocol does not govern the scope of production and nothing herein shall be construed to affect in any manner the materiality, relevance or admissibility of any document.

14. Documents that were previously collected, processed or produced in another litigation or in response to governmental or regulatory inquiries or investigations may be produced in the same format as they were collected, processed or produced in that particular litigation, inquiry, or investigation.

15. The parties shall meet and confer and endeavor to resolve any disputes arising hereunder before submitting such disputes to the Court for determination.

16. Nothing is in this Stipulation is intended to supersede any court rule or statute. In the event of a conflict between any portion of this Stipulation and any applicable rule, law, or statute, the rule, law, or statute shall prevail.

**ORDER**

IT IS SO ORDERED.

_____
Nancy J. Koppe
United States Magistrate Judge

Dated: October 6, 2022