# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHELE BROWN,

    Plaintiff,

v.

ZELTIQ AESTHETICS, INC., et al.,

    Defendants.

Case No. 2:22-cv-00972-RFB-NJK

**ORDER**

This case was removed to this Court on the basis of diversity jurisdiction. *See* Docket No. 1 at 3. The Court may address its subject matter jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3). The pleadings assert that diversity jurisdiction exists in this case based on the states in which the parties are organized or registered to do business. *See* Docket No. 1 at 3, 67, 69. For diversity jurisdiction purposes, however, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).[1] No showing is made as to the citizenship of the owners/members of the LLC party to this case.[2] The Court, therefore, cannot determine based on the current record whether the invocation of diversity jurisdiction is proper.

Accordingly, Defendant Orange Twist, LLC is hereby **ORDERED** to file an amended certificate of interested parties that lists the name and citizenship of each member/owner, no later than April 11, 2023.

IT IS SO ORDERED.

Dated: March 29, 2023

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

---

[1] When a member of an LLC is itself an LLC, the jurisdictional analysis requires identification of the citizenship of each "sub-member" as well. *See, e.g., Diamos v. Specialized Loan Serv. LLC*, 2014 WL 3362259, *2 (N.D. Cal. July 7, 2014).

[2] A "person's state citizenship is … determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted).