# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHELE BROWN,

    Plaintiff,

v.

ZELTIQ AESTHETICS, INC., et al.,

    Defendants.

Case No. 2:22-cv-00972-RFB-NJK

**Order**

[Docket Nos. 49, 51]

Pending before the Court is an order for Defendant Orange Twist LLC and Brittany Slater to show cause why they should not be sanctioned for failing to attend a settlement conference. Docket No. 49. Defendant and Slater filed a response. Docket No. 54. The Court held a hearing on the order to show cause on May 3, 2023. Docket No. 63. After the hearing, Defendant and Slater filed a supplemental response. Docket Nos. 66 (missing attached exhibits); 68 (complete response). For the reasons outlined below, Defendant Orange Twist LLC and Slater are **ORDERED** to pay for a mediation conducted by a neutral third-party mediator mutually agreed upon by the parties. Further, Patricia Daehnke is **ADMONSHED** for her misrepresentations to the Court.

## I. BACKGROUND

United States District Judge Richard F. Boulware III referred this case to the undersigned for a settlement conference. Docket No. 40. On January 27, 2023, the undersigned set a settlement conference for March 28, 2023. Docket No. 41. The order setting the settlement conference required that a representative for each party with binding settlement authority participate in the settlement conference from a suitable location. *Id.* at 1-2 & n.2. Although an exhaustive list of suitable locations was not provided, the order provided a car as an example of an unsuitable location from which to appear. *Id.* at 1 n.2. Additionally, the order repeatedly referred to the confidential nature of settlement conferences. *Id.* at 2-3. The order concluded with the warning

"**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**" *Id.* at 4 (bolding in original).

On March 28, 2023, Plaintiff, her counsel of record, Defendant Zeltiq Aesthetics, Inc., and its counsel of record appeared for a settlement conference. Docket No. 48. Daehnke appeared as counsel for Defendant Orange Twist LLC. *Id.* Not present, however, was Slater, Orange Twist LLC's representative with binding settlement authority. All present parties were prepared to commence the settlement conference at 10:00 A.M. *Id.* Both the Court and Daehnke attempted unsuccessfully to contact Slater. When the Court asked Daehnke if she knew where Slater was, Daehnke claimed that she did not know Slater's location. The Court vacated the settlement conference at 10:42 A.M. *Id.* The Court subsequently issued an order for Defendant Orange Twist LLC and Slater to show cause why they should not be sanctioned for failing to comply with the Court's settlement conference order. Docket No. 49.

In the initial response to the order to show cause, Slater submitted that she confirmed her availability for the March 28 settlement conference on February 9, 2023. Docket No. 54 at 1. Daehnke submitted that her assistant confirmed Slater's availability for the settlement conference again on March 1, 2023. *Id.* at 3. Daehnke further submitted that she discussed the settlement conference with Slater on the telephone on March 27, 2023, including once again confirming Slater's availability for the March 28 settlement conference. *Id.*

The initial response to the order to show cause provided no information regarding Slater's location during the settlement conference's scheduled time. Instead, the response merely stated that Slater texted with Daehnke beginning around 9:44 A.M., before losing cellular service and Wi-Fi shortly after 10:00 a.m. *Id.* at 2. Slater further submitted that she did not regain Wi-Fi or cellular service until approximately 11:30 a.m. *Id.*

The Court set a hearing on the order to show cause to address questions raised by this response. At the hearing, it was revealed to the Court for the first time that Slater was on a commercial airplane at the time of the settlement conference. Hearing Recording (May 5, 2023),

10:08:59 a.m.-10:09:06 a.m.  Slater further stated at the hearing that she did not know she was required to participate in the settlement conference, despite the Court's order directly stating that a representative with settlement authority for each party must be present at the settlement conference. *Id.* at 10:12:37 a.m.-10:13:00 a.m. *See also* Docket No. 41 at 1-2 & n.2.  When asked by the Court, Daehnke stated that she did not know Slater was on a plane during the settlement conference.  Hearing Transcript (May 5, 2023), 10:13:13a.m.-10:13:25a.m.  Daehnke further affirmatively represented to the Court that she did not know Slater was on a plane until approximately 11:50 a.m., after the Court had vacated the settlement conference. *Id.* at 10:13:25a.m.-10:13:37a.m.  Additionally, Daehnke represented that she knew Slater had to travel to a meeting the day of the settlement conference, but that she believed Slater was in Las Vegas at the time of the settlement conference. *Id.* at 10:13:38 a.m.-10:14:25 a.m.  When asked by the Court to clarify what she meant when she stated that she knew Slater was traveling, Daehnke again represented that she did not know Slater was on a plane at the time of the settlement conference. *Id.* at 10:14:53 a.m.-10:15:10 a.m.

Defendant and Slater were ordered to submit to the Court copies of the communications between them preceding the settlement conference.  Docket No. 64.  Slater was also ordered to submit proof of when she bought her plane ticket. *Id.*  The supplemental response contradicted Daehnke's repeated representations to the Court.  Specifically, the supplemental response contained an email from Slater to Daehnke, dated March 27, 2023, stating that Slater was "scheduled for a flight for a critical business meeting" during the time scheduled for the March 28 settlement conference.  Docket No. 68 at 10.  Daehnke responded to Slater's email saying, in direct contravention to this Court's order, that "[i]f you could be available via cell phone or text, that should be fine." *Id.*

## II.   STANDARDS

Litigants are required to follow Court orders.  Federal Rule of Civil Procedure 16(f) provides that the Court may order any "just" sanctions, including those outlined in Federal Rule of Civil Procedure 37(b)((2)(A)(ii)-(vii), if a party or its attorney fails to obey a pretrial order or is substantially unprepared to participate in a pretrial conference.  Violations of Federal Rule 16 are

3

neither technical nor trivial. *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 6011, 603 (E.D. Cal. 1999). It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). As the Ninth Circuit has emphasized, a pretrial order "is not a frivolous piece of paper, idly entered, which can be disregarded . . . without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Litigants have an "unflagging duty to comply with clearly communicated case-management orders. . . ." *Martin Family Trust*, 186 F.R.D. at 604 (citations omitted). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when a party and/or its counsel disobeys a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Both courts and commentators agree that sanctions can be imposed for a party's or attorney's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *Harrel v. United States*, 117 F.R.D. 86, 88 (E.D.N.C. 1987); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction").

Federal Rule 16(f) applies to all pretrial orders, including court-mandated settlement conferences. *See, e.g.*, *Pittman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003), *amended on review on other grounds*, 2003 WL 23353478 (D. Ariz. 2003). Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences. *See, e.g.*, *Lucas Auto.*, 275 F.3d at 769; *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993); *Ayers*, 895 F.2d at 1270. *See also Wilson v. KRD Trucking W.*, 2013 WL 836995, at *5 (D. Nev. Mar. 6, 2013); *Weir v. Forman Auto. Grp.*, 2013 WL 756353, at *1 (D. Nev. Feb. 26, 2013). The Court has broad discretion in crafting sanctions under Rule 16. CITE; Fed. R. Civ. P. 16(f)(1) (authorizing courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)"). Although not expressly enumerated, the imposition of a fine is among the "just orders" authorized by Rule 16(f). *See, e.g.*, *Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001). Similar to Federal Rule 16(f), this Court's Local Rules also

provide the Court with authority to impose "any and all appropriate sanctions on an attorney or party who . . . [f]ails to comply with any order of this Court." LR IA 11-8.

### III.  DISCUSSION

A.  <u>Orange Twist LLC and Brittany Slater</u>

The Court will first determine an appropriate sanction for Defendant Orange Twist LLC and Slater's conduct. The order to show cause warned that monetary sanctions could be imposed against Defendant and Slater. *See* Docket No. 49. A review of the record shows that monetary sanctions are appropriate here.

The order setting the settlement conference mandated that a representative with full settlement authority appear for the duration of the settlement conference. Docket No. 41 at 2-3. Knowing this, Slater nonetheless scheduled a flight for the same time as the settlement conference. Slater submits that her absence was caused by a combination of scheduling oversights and following the advice of Defendant's counsel. Hearing Recording (May 5, 2023), 10:11:05 a.m.-10:13:12 a.m. However, sanctions pursuant to Rule 16(f) do not require a finding of bad faith or even willingness. *See Lucas Auto. Eng'g, Inc*, 275 F.3d at 769; *Ayers*, 895 F.2d at 1270. Here, Slater's violation was willing, even if not done in bad faith. Slater was made aware of the March 28, 2023, settlement conference on February 9, 2023. Docket No. 68 at 12-13. She confirmed her availability for the settlement conference on March 1, 2023. *Id.* at 12. Slater's plane ticket, however, was not purchased until March 17, 2023. Docket No. 68 at 21, 23. When reminded of the settlement conference, instead of rescheduling her flight or finding a different individual to represent Defendant at the settlement conference, Slater opted instead to violate the Court's order.

Slater submits that she intended to participate in the settlement conference from the plane. Hearing Recording (May 5, 2023), 10:09:05 a.m.-10:09:08 a.m. Such a justification for her absence is not enough to avoid sanctions. The settlement conference order required that parties participate from a suitable location. Docket No. 41 at 1 n.1. The order provided only a car as an example; however, the Court should not have to provide an exhaustive list of inappropriate locations. Slater submits that she was planning on using the in-flight Wi-Fi to participate in the settlement conference. Hearing Recording (May 5, 2023), 10:09:09 a.m.-10:09:26 a.m. Although

5

many airlines do provide in-flight Wi-Fi, those connections are notoriously unreliable and prone to connectivity issues. Indeed, the instant circumstances exemplify the perils of relying on in-flight Wi-Fi. Beyond connectivity issues, several other aspects of commercial flights make them an unsuitable location for a settlement conference participant. Flight staff may have to make an announcement, disrupting the attendee and potentially other settlement conference participants. Turbulence or the seat in front being reclined could jostle the attendee's laptop, potentially even off the tray table. The noise of the engines and other passengers may make it difficult for the attendee to hear other participants or vice versa. Court proceedings, including settlement conferences, are serious and deserving of the utmost respect. A commercial plane simply is not an appropriate location from which to participate in a settlement conference.

This conclusion is reinforced when one considers the emphasis on confidentiality throughout the settlement conference order. *See* Docket No. 41 at 2-3. Settlement conferences in medical device cases, such as this case, involve the discussion of highly sensitive patient information. Beyond discussing patient information, pictures, and exhibits, either of a party or the device at issue, may also be presented. Absent the restrooms, there is simply nowhere on a commercial plane where Ms. Slater would have been able to adequately hear and see the settlement conference without exposing it to other passengers.[1]

Defendant and Slater frustrated the previous attempt to have the Court conduct a settlement conference, causing all other parties to incur unnecessary attorneys' fees and expenses. It is only fair that they be held responsible for the costs of the subsequent settlement conference. The parties have filed a stipulation with the Court seeking to reschedule the settlement conference. Docket No. 51. The Court, however, has serious concerns about its ability to successfully mediate such a conference. Defendant, Slater, and Daehnke have made dubious claims if not outright misrepresentations to the Court. Coupled with the willing violations of this Court's settlement conference order, the Court is disinclined to spend additional amounts of its limited time and resources preparing for and participating in a settlement conference. However, recognizing the

---

[1] It should go without saying that a restroom is not an appropriate place from which to participate in a settlement conference.

value of pre-trial settlement negotiations, the Court will accommodate the parties' request for another settlement conference.

Accordingly, the Court finds that the appropriate sanction for these violations is for Defendant Orange Twist LLC and Slater to pay the fees for a mediation to be conducted by a neutral third-party mediator, such as a JAMS mediator. The mediator must be mutually agreeable to all parties. Such a sanction is justified as it holds Defendant and Slater responsible for willfully violating the Court's order while also providing the parties with the mediated settlement conference they have requested. Moreover, a non-court mediator both conserves the Court's limited resources and moves the case forward.

### B.     Patricia Daehnke

Daehnke's misrepresentations to the Court are cause for serious concern. Attorneys are expected to be honest and candid in their representations to the Court. *See* Fed. R. Civ. P. 11; Nev. R. Prof. Conduct 3.3 (lawyers shall not knowingly make false statements of fact to the tribunal and must correct prior false statements of fact). Daehnke has failed to fulfill this professional duty. When, at the initially scheduled time of the settlement conference, Daehnke was asked if she knew where her client's representative was, she represented that she did not know. At the hearing on the order to show cause, Daehnke expanded on her initial representation, stating that she knew Slater was traveling on the day of the settlement conference, but that she did not know Slater was on a plane during the scheduled time until after the settlement conference had been vacated. These representations were false.

Slater emailed Daehnke on March 27, 2023, the day before the time set for the settlement conference, telling Daehnke she would be flying during the scheduled time. Docket No. 68 at 10. Even if Daehnke did not know the precise geographical location of Slater, she knew that her client's representative was on a plane. Knowing this, Daehnke nonetheless provided false information to the Court. Further, Defendant's initial response to the order to show cause omitted or redacted several emails that were later disclosed. Among the emails omitted was Slater's email to Daehnke stating that she would be on a flight during the settlement conference. *Compare* Docket No. 54 at 7-13 *with* Docket No. 68 at 9-13. Also noteworthy among the documents only

disclosed in the second response are text messages between Slater and Daehnke. Docket No. 68 at 15-19. Those text messages include a message from Slater to Daehnke approximately thirteen minutes before the settlement conference wherein Slater said that she would be "standing by on messager [sic] for the meeting." *Id.* That is to say, Slater confirmed that she was not planning on appearing by video to Daehnke less than fifteen minutes before the settlement conference. Daehnke did not disclose Slater's status to the Court at the time of the settlement conference, in the initial response to the order to show cause, or at the hearing on the order to show cause. It was only after Slater testified that she let Daehnke know that she would be unable to attend the settlement conference, and only after the Court ordered Defendant, Slater, and Daehnke to file a supplemental response, that this information was disclosed to the Court. In short, Daehnke made misrepresentations to, and withheld material information from, the Court. Accordingly, the Court **ADMONISHES** Daehnke for her misrepresentations to the Court.

### IV. CONCLUSION

For the reasons more fully discussed above, the Court finds that Defendant and Slater violated its order. Defendant Orange Twist LLC and Brittany Slater are **ORDERED** to pay for a mediation among the parties with a neutral third-party mediator mutually agreeable to all parties. This mediation must occur not later than September 15, 2023, and Defendant and Slater must submit proof, no later than 7 days after the mediation, that they jointly paid for it. Further, Patricia Daehnke is **ADMONISHED** for her misrepresentations to the Court.

The parties' stipulation to reschedule settlement conference with this Court is **DENIED**. Docket No. 51.

IT IS SO ORDERED.

Dated: June 15, 2023

                                                                                         _____
                                                                                         Nancy J. Koppe
                                                                                         United States Magistrate Judge